Date signed September 28, 2011



THOMAS J. CATLIOTA
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Masterbuilt Companies, Inc., | * | Case No. 11-13611-RGM |
|     Debtor. | * | (U.S. Bankruptcy Court for the |
| | * | Eastern District of Virginia, |
| | * | Alexandria Division) |
| | * | Chapter 11 |
| * * * * * * | * * | * * * * * |
| | * | |
| Martz Painting Contractors, LLC, | * | |
| | * | |
|     Plaintiff, | * | |
| | * | Adversary No. 11-554-TJC |
| v. | * | |
| | * | |
| William Kolius, *et al.,* | * | |
| | * | |
|     Defendants. | * | |
| | * | |
| | * | |
| * * * * * * | * * | * * * * * |
| | * | |
| AirOn, Inc., | * | |
| | * | |
|     Plaintiff, | * | |
| | * | Adversary No. 11-694-TJC |

```
        v.                                *
                                          *
   L'Academie De Cuisine, Inc., et al.,   *
                                          *
             Defendants.                  *
*    *    *    *    *    *    *    *    *    *    *    *    *
```

## MEMORANDUM OF DECISION

Before the Court are several motions in two separate but related lawsuits that were removed to this Court from the Circuit Court for Montgomery County, Maryland, that seek to establish the proper forum for the resolution of the parties' disputes. The defendants in each action removed the lawsuit and ask that it be transferred to the United States Bankruptcy Court for the Eastern District of Virginia. The plaintiffs seek remand. The Court held a hearing on all of these matters on September 21, 2011. For the reasons set forth herein, the Court will remand both actions to the Circuit Court for Montgomery County, Maryland.

*The Martz Lawsuit*

On or about May 27, 2011 plaintiff Martz Painting Contractors, LLC (the "Martz Plaintiff") filed a complaint in the Circuit Court for Montgomery County, Case No. 348113-V (the "Martz Lawsuit") against defendants William Kolius, Virginia Mortara, John Kolius, L'Academie de Cuisine, Inc. ("L'Academie") and Bindy Lichtenfels. The complaint alleges the following facts: the Martz Plaintiff is a subcontractor of the Masterbuilt Companies, Inc. ("Masterbuilt"). Masterbuilt acted as the general contractor for work at 5021 Wilson Lane, Bethesda; 5027 Wilson Lane, Bethesda; and 5004 Cordell Ave, Bethesda (the "Project"). Defendants William Kolius, Virginia Mortara, and John Kolius are the owners of the Project. Defendant L'Academie is a tenant at the 5021 Wilson Lane property and defendant Lichtenfels is the President of Masterbuilt. On May 14, 2011, Masterbuilt filed a petition for relief under

chapter 11 in the United States Bankruptcy Court for the Eastern District of Virginia, Case No. 11-13611. The Martz Plaintiff has not been paid $17,732.00 for labor and/or materials provided to the Project and the compensation for the work.

The Martz Lawsuit asserts four counts. Count I seeks the establishment of an interlocutory and permanent mechanic's lien on one of the buildings that comprise the Project. Count II alleges unjust enrichment and seeks a money judgment against L'Academie. Count III seeks a money judgment in quantum meruit against L'Academie. Count IV seeks a money judgment for violation of Maryland Code Ann., Real Prop. §9-202, against defendant Lichtenfels.

On July 12, 2011, the defendants other than Lichtenfels filed the notice of removal pursuant to 28 U.S.C. §1452 and also filed a motion to transfer venue to the Eastern District of Virginia under 28 U.S.C. § 1412. Lichtenfels has since joined the motion. The Martz Plaintiff filed a motion to remand and/or abstain on July 21, 2011, and defendants other than Lichtenfels filed a response thereto on August 11, 2011.

*The AirOn Lawsuit*

On or about July 8, 2011, plaintiff AirOn, Inc. (the "AirOn Plaintiff") filed a petition to establish mechanic's lien in the Circuit Court for Montgomery County, Maryland, Case No. 349612-V (the "AirOn Lawsuit"). The complaint alleges that the AirOn Plaintiff was a subcontractor of Masterbuilt on the Project and is owed $76,176 for services. It seeks a mechanic's lien against one of the buildings that comprise the Project.

On August 24, 2011, the defendants in the AirOn Lawsuit, John Kolius, L'Academie and the William S. Kolius Trust filed the notice of removal pursuant to 28 U.S.C. §1452 and

subsequently filed a motion to transfer venue to the Eastern District of Virginia.  The AirOn Plaintiff filed a motion to remand, which is opposed by the defendants.

*Analysis*

In the motion to remand, the plaintiffs first argue that the Bankruptcy Court lacks subject matter jurisdiction under 28 U.S.C. 1334(b) to hear the claims in the Martz Lawsuit and the AirOn Lawsuit (collectively the "Lawsuits").  This Court disagrees.

Under 28 U.S.C. §§ 1334(a), (b) district courts "have original and exclusive jurisdiction of all cases under title 11," and have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 157(a) provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  Thus, in order for this Court to exercise subject matter jurisdiction over this proceeding, it must be one "arising under", "arising in", or "related to" a case under title 11.  A proceeding "arising under" title 11 is one involving a cause of action created or determined by a statutory provision of the Bankruptcy Code.  *Global Express Money Orders, Inc. v. Farmers & Merch.'s Bank (In re Colleen, Inc.)*, 406 B.R. 674, 678 (Bankr. D. Md. 2009) (citation omitted).  A proceeding "arising in" title 11 is one that is "not based on any right expressly created by [t]itle 11, but nevertheless, would have no existence outside of the bankruptcy." *Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.)*, 86 F.3d 364, 372 (4th Cir. 1996) (citation omitted).

Here, the causes of action asserted in the Lawsuits were not created by the Bankruptcy Code nor will they be determined under the provisions of the Code.  Furthermore, the causes of action are independent of Masterbuilt's bankruptcy filing.  Thus, the causes of action asserted in

the Lawsuits do not "arise in" nor "arise under" title 11.  *See Valley Historic L.P. v. Bank of New York,* 486 F.3d 831 (4th Cir. 2007).

A proceeding is "related" to a case under title 11 when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 625 (4th Cir. 1997) (quoting *Pacor Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984) (citations omitted).  "Thus, the proceeding need not necessarily be against the debtor or against the debtor's property.  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." *Id.*

Here, the resolution of the claims in both Lawsuits "could conceivably have [an] effect on the estate being administered in bankruptcy." *Rapid Am. Corp.,* 124 F.3d at 625.  The Martz Plaintiff and the AirOn Plaintiff have claims against Masterbuilt, and those claims could be effected by the resolution of the Lawsuits because the claims could be paid or reduced as a result of the Lawsuits.  Further if the defendants in the Lawsuits are required to pay those claims, they may be able to assert contribution or other claims against Masterbuilt.  Therefore, this Court has "related to" jurisdiction under 28 U.S.C. § 1334(b).

Plaintiffs next argue that even if the Court has subject matter jurisdiction to hear the claims, the mandatory abstention principles of 28 U.S.C. § 1334(c)(2) apply.  However, the Court need not address mandatory abstention.  For the following reasons, the Court will remand

the matters to the Circuit Court for Montgomery County under 28 U.S.C. § 1452 and will deny the motion to transfer venue as moot.[1]

Section 1452 itself provides the criterion for orders of remand, and it broadly states that a claim may be remanded "on any equitable ground," i.e., as interpreted by some courts, any "appropriate ground." *Ernst & Young, LLP v. Devan* (*In re Merry-Go-Round Enterprises, Inc.*), 222 B.R. 254, 256 (D. Md. 1998) (*citing Porter-Hayden Co. v. First State Management Group, Inc. (In re Porter-Hayden Co.*), 304 B.R. 725 (Bankr. D. Md. 2004).

When deciding whether to remand under § 1452(b), courts consider several factors, including: "(1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of applicable state law; (4) comity; (5) the degree of relatedness or remoteness to the proceeding in the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants." *Merry-Go-Round,* 222 B.R. at 257. Additional factors courts may consider include (i) the efficient use of judicial resources, (ii) the possibility of inconsistent results and (iii) the expertise of the court where the action originated. *Id.*

---

[1] 28 U.S.C. § 1452 provides:

> a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

As applied to the Lawsuits, the factors enunciated in *Merry-Go-Round* weigh substantially in favor of remand. The first factor - the efficient administration of the Masterbuilt estate - would be promoted by allowing these causes of action to proceed to a quick resolution in the Circuit Court. The second factor also weighs heavily in favor of remand. The causes of action alleged in the Complaint are all Maryland state law causes of action and the questions presented involve interpretation of Maryland law.

The third factor also weighs in favor of remand, at least as it applies to the mechanic's lien claims. While Maryland mechanic's lien law certainly cannot be said to be "unsettled" it is sufficiently esoteric that it is best resolved in a Maryland state court.

The interest of comity, the fourth factor, is served by remand. The Lawsuits were brought by citizens of Maryland in Maryland state court. That court has already begun its administration of the cases, and the matters will be resolved by Maryland state law. They should proceed to conclusion there. Defendants point out that both the primary contract between Masterbuilt and the defendants and the subcontract between the plaintiffs and Masterbuilt are governed by Virginia law, and each includes a provision that the parties agree to submit disputes to the jurisdiction of the Virginia courts. Defendants argue, therefore, that the dispute should be heard by a Virginia court. This argument is not persuasive. The claims raised in the complaint are not grounded in contract; they are brought exclusively under Maryland statutory and common law and would best be decided by the Circuit Court for Montgomery County.[2]

The fifth factor is the degree of relatedness or remoteness to the Masterbuilt bankruptcy case. The Lawsuits bring direct claims by the Martz Plaintiff and the AirOn Plaintiff against the

---

[2] The Court notes that the complaint in the Martz Lawsuit states in its title that it is a "Complaint to Establish Mechanic's Lien and for Breach of Contract and Other Relief." Notwithstanding the title, however, the complaint does not assert a claim for breach of contract.

7

defendants. While the claims create "related to" jurisdiction under 28 U.S.C. §1334(b), they are nevertheless fairly remote to the administration of the Masterbuilt bankruptcy case. Indeed, it appears that the bankruptcy judge who is hearing the Masterbuilt bankruptcy case agrees, at least with respect to Count 4 in the Martz Lawsuit against Ms. Lichtenfels. In its bankruptcy case, Masterbuilt filed a motion seeking to extend the automatic stay to Ms. Lichtenfels so as to stay the Martz Litigation. The motion made similar arguments as are before this Court. Masterbuilt argued that the proper venue for the Martz Lawsuit was before the Bankruptcy Court for the Eastern District of Virginia and the motion sought an order there from: "Assuming jurisdiction over [the Martz Plaintiff]'s claim, . . . Staying action by the [Martz Plaintiff] against officers of [Masterbuilt] until a decision is made on the plan of reorganization, . . . [and ordering the Martz Plaintiff] to file its proof of claim and proceed as an unsecured creditor in this proceeding." Docket No. 6-1, p. 4 of 5. The bankruptcy court rejected the request. Docket No. 6-3.

Moreover, it appears that the primary effect the Lawsuits will have on the Masterbuilt bankruptcy case is to determine which of the parties – the plaintiffs or the defendants – will hold claims against the estate. Currently, the Martz Plaintiff and the AirOn Plaintiff hold claims against Masterbuilt. If they are successful in the Lawsuits and obtain recovery on those claims from the defendants, then the defendants will presumably assert those claims against Masterbuilt. Even if that were not the case, however, the relationship between the Lawsuits and the Masterbuilt bankruptcy case does not warrant denial of the remand motion.

Defendant L'Academie states that it holds retainage under the Masterbuilt contract, and that the retainage is property of the Masterbuilt estate. It points out that the bankruptcy court has exclusive jurisdiction over all property of the estate. *See* 28 U.S.C. § 1334(e). It argues that the matter should be transferred to and heard by the bankruptcy court so it can resolve the retainage

issue. It also argues it is prejudiced because the automatic stay in the Masterbuilt case prevents it from accessing the retainage to pay any claims against it in the Lawsuits. Neither argument prevents remand.

Simply stated, the Lawsuits will not adjudicate or resolve the retainage. That will be left to the bankruptcy court. Merely because L'Academie may have a source of recovery from the bankruptcy estate if it is liable on the claims in the Lawsuits is not determinative here. If L'Academie is liable on the claims in the Lawsuits and believes it has a right to seek recovery for that liability from the retainage, it will be free to assert whatever rights it has to the retainage in the Masterbuilt bankruptcy case.

The sixth factor does not appear to be implicated here as the Lawsuits do not seek jury trials. The seventh factor, prejudice to the involuntarily removed party, weighs somewhat in favor of remand. All other things being equal, plaintiffs' choice of forum should be given effect.

For the foregoing reasons, the Court shall remand the proceeding back to the Circuit Court. A separate order shall issue.


cc:     Shauna M. Wertheim
        John F. Mardula
        The Marbury Law Group, PLLC
        11800 Sunrise Valley Drive, Suite 1000
        Reston, Va 20191

        Craig James Franco
        Odin, Feldman & Pittleman, PC
        9302 Lee Hwy.
        Suite 1100
        Fairfax, VA 22031

Marvin Leonard Szymkowicz
4520 East-West Highway
Suite 700
Bethesda, MD 20814

Gwen D'Souza
4713 Bartram Street
Rockville, MD 20853

**END OF MEMORANDUM**